# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:06 CR 15

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ALEX ALANDA ALLEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, upon a motion filed by the defendant entitled, "Motion to Reconsider Pretrial Release" (#16). In the motion the defendant requests that the court reconsider the issue of pretrial release for the defendant. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Fredilyn Sison of the Federal Defender's Office and that the Government was present through Assistant United States Attorney, Jill Rose and from the evidence offered and the statements of the Assistant United States Attorney and the attorney for the defendant and the records in this cause, the court makes the following findings:

**Findings**.    The defendant was charged in a bill of indictment filed March 1, 2006 with two counts of being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). A hearing was held in regard to the detention of the defendant on March 24, 2006. On that date, the undersigned entered an order releasing the defendant on a $10,000 unsecured bond. On May 3, 2006 the defendant submitted to an urinalysis drug test at which time the defendant tested positive for the use of cocaine which violated terms and conditions of his pretrial release. On May 15, 2006 the undersigned entered an order finding that the

defendant had violated the terms and conditions of pretrial release and further entered an order revoking the unsecured bond and ordering that the defendant be detained pending further proceedings in this matter.

While being detained the defendant attended the Jail Based Inpatient Treatment Program and completed the attendance at the entire program on October 20, 2006. The defendant has presented evidence showing that Life on Life's Terms, Inc., a well respected local residence program has agreed to accept the defendant back into the program. The defendant had been participating in that program when he violated his terms and conditions of pretrial release. The defendant has further presented evidence that he has full-time employment at Sunshine Employment Resources, Inc. which is available to him and further, another job at Reliable Nurse Staffing, Inc. which is available to the defendant if he is released. The defendant testified in this matter and through his testimony showed that he is willing to participate in followup treatment programs and that he has made arrangements to attend such programs. A further part of the record is a memorandum prepared by Eric G. Simpson, United States Probation Officer, dated October 23, 2006. In the memorandum, Officer Simpson reports that the defendant has completed the Jail Based Inpatient Treatment Program but recommends that the defendant remain in custody pending disposition of his case based upon the following factors:

1)   The defendant's lengthy criminal record;

2)   The defendant's history of probation/parole violations and revocation;

3)      The mental health and substance abuse history of the defendant;  and

4)      The fact that the defendant has previously been on pretrial supervision and was revoked within two months of release.

**Discussion.**   18 U.S.C. § 3142(g) sets forth the factors that the court is to consider in regard to whether or not to detain a defendant.  The undersigned has determined to reconsider all of those factors in regard to a decision that the court should reach in either granting or denying the motion of the defendant.  Those factors and the court's findings in regard to those factors are as follows:

**(g)(1)** The nature and circumstances of the offense charged.  The nature and circumstances of the offense charged do involve a crime of violence.  <u>United States v Redmon</u>, 3:06cr92 and <u>United States v Allen</u>, 409 F.Supp.2d 622 (Maryland, 2006).

**(g)(2)**   The weight of the evidence against the person appears to be strong and significant.  The defendant has entered a plea of guilty to count one as contained in the bill of indictment on April 24, 2006.

**(g)(3)** The history and characteristics of the person;

**(A)** Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court appearances indicate that the defendant has family ties, employment available to him, financial resources and a long length of residence in the Buncombe County community.  The defendant's history relating to drug or

alcohol abuse shows that the defendant has, for many years, been a user and consumer of crack cocaine. The defendant's criminal record regarding alcohol or drug abuse shows the following:

| Charge | Date of Conviction |
|---|---|
| Misdemeanor possession of a schedule VI controlled substance | 02/09/1987 |
| Possession of marijuana up to ½ ounce | 03/13/1988 |
| Possession with intent to manufacture a schedule II controlled substance, Possession of marijuana up to ½ ounce | 08/06/1990 |
| Smuggling cocaine, possession with intent to distribute cocaine | 08/04/1993 |
| Possession of drug paraphernalia | 06/04/2003 |
| Possession of drug paraphernalia | 02/21/2005 |
| Possession of up to ½ ounce of marijuana | 04/07/2005 |

The defendant does not have any convictions for alcohol abuse. The defendant's criminal history shows that in addition to the above referenced charges, the defendant has the following record of convictions:

| Charge | Date of Conviction |
|---|---|
| No operators license | 10/01/1982 |
| Breaking & entering a motor vehicle | 09/25/1986 |
| Entering a motor vehicle & misdemeanor larceny | 04/06/1987 |
| Carrying a concealed weapon | 05/13/1988 |
| Assault by pointing a gun | 08/02/1999 |
| Driving while license revoked & possession of a firearm on school grounds | 08/21/1999 |
| Driving while license revoked, reckless driving, fictitious registration card, No insurance and carrying a concealed weapon | 08/06/1990 |
| Possession of a firearm by a felon | 08/06/1990 |
| Assault on a female | 05/10/1990 |
| Providing fictitious information to a law enforcement officer & driving While license revoked | 08/06/1990 |
| Carrying a concealed weapon | 08/06/1990 |
| Failure to return rental property | 08/08/1990 |
| No operators license | 08/31/1991 |

The defendant's record concerning appearance at court appearances shows that the defendant

has appeared at court appearances. The record further shows that the defendant has, on many occasions, been placed upon probation and then violated probation.

**(B)** At the time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence. The court cannot make a determination as to whether or not this factor exist and therefore will determine that it does not exist.

**(g)(4)** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that there is a danger to any other person or the community that would be posed by the release of the defendant. The record of the defendant shows that the defendant has been convicted of at least 24 misdemeanors and four separate felonies. The release of the defendant would, in the court's opinion, create a risk of danger to any other person or the community. The defendant has completed the Jail Based Inpatient Treatment Program and is to be commended for his participation in and completion of this program. However, considering all evidence in this matter and particularly the fact that this court has previously placed the defendant on terms and conditions of pretrial release and the defendant violated those conditions by using cocaine, which was the commission of a state felony, causes this court to believe that the defendant's release would create a danger to any other person or the community.

## ORDER

WHEREFORE, IT IS **ORDERED** that the motion of the defendant entitled, "Motion

to Reconsider Pretrial Release" (#16) is hereby **DENIED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: November 21, 2006

Dennis L. Howell
United States Magistrate Judge